UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN WILSON,<br><br>       Plaintiff,<br><br>   v.<br><br>BRANDON PRICE, et al.,<br><br>       Defendants. | Case No. 1:19-cv-01680-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Stephen Wilson ("Plaintiff") is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on December 2, 2019 (ECF No. 1), but did not pay the filing fee or file an application to proceed in forma pauperis. Accordingly, on December 4, 2019, the Court gave Plaintiff forty-five days to either pay the filing fee or submit an application to proceed in forma pauperis. (ECF No. 3). The Court warned Plaintiff that "**[f]ailure to comply with this order will result in dismissal of this action.**" (Id. at 1).

The forty-five-day deadline expired, and Plaintiff failed to pay the filing fee or file an application to proceed in forma pauperis. Accordingly, on March 11, 2020, the Court issued findings and recommendations, recommending that this case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and failure to comply with a court order. (ECF No. 7).

On March 23, 2020, Plaintiff objected to the findings and recommendations. (ECF No.

8).  In light of Plaintiff's objections, the Court vacated the findings and recommendations, sent Plaintiff a form application to proceed in forma pauperis, and gave Plaintiff thirty days to either complete and return the application or to pay the filing fee.  (ECF No. 9).  Additionally, the Court warned Plaintiff that: "[i]f Plaintiff wants to proceed with this action, he must submit an application to proceed in forma pauperis or pay the filing fees.  Moreover, Plaintiff cannot ignore court orders and deadlines.  If Plaintiff is unable to comply with a deadline, he should file a motion for an extension of time."  (Id. at 1-2).  The Court also warned Plaintiff that "**[f]ailure to comply with this order will result in dismissal of this action.**"  (Id. at 2).

The thirty-day period has expired, and Plaintiff has not filed an application to proceed in forma pauperis, paid the filing fee, or requested an extension of time.  Accordingly, the Court will recommend that this case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and failure to comply with court orders.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest….  It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...."  Pagtalunan, 291 at 639.  Here, Plaintiff's failure to pay the filing fee or file an application to proceed in forma pauperis, despite being ordered to do so twice, is delaying this case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

1    Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

2    and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991).  However,

3    "delay inherently increases the risk that witnesses' memories will fade and evidence will

4    become stale," id. at 643, and it is Plaintiff's failure to follow this Court's orders that is causing

5    delay.  Therefore, the third factor weighs in favor of dismissal.

6    As for the availability of lesser sanctions, at this stage in the proceedings there is little

7    available to the Court which would constitute a satisfactory lesser sanction while protecting the

8    Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's

9    incarceration and his failure to pay the filing fee, it appears that monetary sanctions are of little

10   use.  And, given the stage of these proceedings, the preclusion of evidence or witnesses is not

11   available.  Additionally, because the dismissal being considered in this case is without

12   prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with

13   prejudice.

14   Finally, because public policy favors disposition on the merits, this factor weighs

15   against dismissal.  Id.

16   After weighing the factors, the Court finds that dismissal without prejudice is

17   appropriate.  Accordingly, the Court HEREBY RECOMMENDS that:

18        1.  This action be dismissed, without prejudice, based on Plaintiff's failure to

19            prosecute and failure to comply with court orders; and

20        2.  The Clerk of Court be directed to close this case.

21   These findings and recommendations will be submitted to the United States district

22   judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

23   fourteen (14) days after being served with these findings and recommendations, Plaintiff may

24   file written objections with the Court.  The document should be captioned "Objections to

25   Magistrate Judge's Findings and Recommendations."

26   ///

27   ///

28   ///

1         Plaintiff is advised that failure to file objections within the specified time may result in

2  the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014)

3  (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4  IT IS SO ORDERED.

5

6    Dated:   **May 14, 2020**          /s/ Erica P. Grosjean

                            UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28